IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RYAN PRICHARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-01077-JD |
| ) | |
| RONALD MONTGOMERY, ) | |
| Chief of Police, Stratford Police ) | |
| Department, Official and Individual ) | |
| Capacities; DEVANE WOOD, ) | |
| Stratford Police Officer, Official and ) | |
| Individual Capacities; STRATFORD ) | |
| POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is a Report and Recommendation issued by United States Magistrate Judge Shon T. Erwin [Doc. No. 24], an objection filed by Plaintiff Ryan Prichard [Doc. No. 27], Defendants' Motion to Quash Service [Doc. No. 37], and a letter from Plaintiff Ryan Prichard [Doc. No. 38]. Judge Erwin recommends dismissing Prichard's action, in part because he failed to timely serve the Defendants. [Doc. No. 24 at 2]. In a prior order, the Court extended Prichard's deadline to file proof of service on each Defendant until Friday, December 6, 2024, and deferred a ruling on the Report and Recommendation until expiration of this extended deadline for service. [Doc. No. 33]. Because this deadline has now passed and Prichard has filed neither proof of service nor a request for an extension, the Court accepts the Report and Recommendation and dismisses this action without prejudice.

**I.     BACKGROUND**

Prichard, a prisoner appearing pro se, filed this civil rights action on November 27, 2023. [Doc. No. 1]. The Court referred the action to Judge Erwin under 28 U.S.C. § 636 [Doc. No. 3], then re-referred the action following Prichard's filing of a Second Amended Complaint against Defendants Ronald Montgomery, Devane Wood, and the Stratford Police Department ("Defendants"), *see* [Doc. Nos. 19, 21].

On June 17, 2024, Judge Erwin issued an order requiring officials responsible for the operation of the Stratford Police Department to prepare a special report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). [Doc. No. 22 at 1–2]. The order also notified Prichard that he must serve process on the Defendants and that "return of service on each defendant is due ninety (90) days from the date" of the order—making the deadline September 16, 2024.[1] *Id.* at 4. Judge Erwin notified Prichard that "failure to timely file proof of service could result in dismissal of the action." *Id.* The order also informed Prichard that, upon request, "the United States Marshal Service would be available to effect service," but warned that, ultimately, "proof of service is the Plaintiff's responsibility." *Id.* Judge Erwin specifically required Prichard to serve a copy of the June 17 order, the complaint,[2] and summons on each defendant. *Id.*

---

[1] Judge Erwin postponed commencement of the 90-day period for service of process, which would normally begin to run on the date the action was filed under Federal Rule of Civil Procedure 4(m), because "Plaintiff's Complaint was subject to initial screening under 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. § 1915(e)(2)(B)." [Doc. No. 22 at 4 & n.1].

[2] Prichard filed his Original Complaint on November 27, 2023 [Doc. No. 1], his Amended Complaint on December 14, 2023 [Doc. No. 6], and his current Second

After Judge Erwin's June 17 order was returned as undeliverable [Doc. No. 23], Judge Erwin issued a Report and Recommendation on July 17, 2024 [Doc. No. 24]. Judge Erwin recommends that the Court dismiss Prichard's action without prejudice for his failure to comply with the order to submit the required service paperwork and timely serve the Defendants, as well as Prichard's failure to abide by the Court's rules in updating his address. [Doc. No. 24].

Prichard filed a short objection to the Report and Recommendation by the deadline.[3] [Doc. No. 27]. The objection states that Prichard has "recently been transported," that he is "finally able to send mail and receive mail as [he is] now at a unit," and that he "sent this paperwork in once with Garvin County Jail staff prior to June 18, 2024." *Id.* at 1.

Prichard attempted to effectuate service by serving Amy Wigley, the clerk of the town hall of Stratford, but this service was not timely and Prichard did not certify that he complied with the June 17 order by serving a copy of the order, the complaint, and a summons on each defendant. *See* [Doc. No. 30]. After Prichard failed to file timely and proper proof of service, the Court granted a permissive extension of the deadline to serve

---

Amended Complaint on May 1, 2024 [Doc. No. 21]. Judge Erwin issued the order requiring service and special report [Doc. No. 22] upon preliminary review of the Second Amended Complaint, which is the operative and governing complaint in this action.

[3] Although filed on August 2, 2024, the certificate of service to the objection and the postmark indicate the objection is timely under the mailbox rule. *See Price v. Philpot*, 420 F.3d 1158, 1164 n.4 (10th Cir. 2005) (citing *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989) (per curiam)).

Defendants. [Doc. No. 33]. Under this new deadline, Prichard had until December 6, 2024, to serve the Defendants and file proof of service. *Id.* at 1. The Court reminded Prichard to "serve each Defendant with a copy of the June 17 order, the complaint . . . and summons, and file proof of service on each of the Defendants by December 6, 2024." *Id.* at 6. "If Mr. Prichard fails to abide by this Order," the Court warned that it would "accept Judge Erwin's recommendation to dismiss the action for failure to comply with the June 17 order" and "also dismiss for failure to comply with this Order." *Id.*

Defendants then filed a Motion to Quash Service, asserting that Prichard's initial attempt at service was untimely and improper under Federal Rule of Civil Procedure 4. [Doc. No. 37 at 4–10]. The Court received an undated letter from Prichard on December 9, 2024, which the Court construes as a response to Defendants' Motion to Quash. [Doc. No. 38].[4] The letter argues that the Court should deny Defendants' motion because Prichard properly served Defendants by serving Ms. Wigley. *Id.* at 1. Even applying a liberal construction, this letter cannot be read as requesting an extension to the service deadline, which had already expired when the Court received the undated letter. The same day, the Court received Prichard's request for issuance of summonses for the Defendants [Doc. No. 39], and the summonses issued electronically [Doc. No. 40].

---

[4] The Court describes this letter but notes that it is untimely under Local Civil Rule 7.1(g), even if Prichard had the benefit of Federal Rule of Civil Procedure 6(d)'s three-day extension. Regardless, whether the Court considers the contents of this letter, it does not impact the Court's conclusion that Prichard has failed to timely serve Defendants.

4

## II. DISCUSSION

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Typically, district courts in the Tenth Circuit follow a two-step analysis for dismissals under Rule 4(m): first, the Court considers whether the plaintiff has shown good cause for an extension; and second, even absent a showing of good cause, the Court must consider whether a permissive extension is warranted. *See Espinoza v. United States*, 52 F.3d 838, 841–42 (10th Cir. 1995). But here, the Court has already granted a permissive extension after determining Prichard satisfied the Court's order to show cause. [Doc. No. 33]. Prichard's subsequent filings do not show good cause for a mandatory extension, and an additional permissive extension is not warranted here.

In its November 6 order, the Court gave Prichard a firm deadline of December 6 to file proof of *completed* service. [Doc. No. 33 at 6–7].[5] Prichard had until December 6 to show that he completed service, but he did not request issuance of the summonses until December 9. Prichard did not act before the deadline or seek to extend it. Therefore, he failed to timely serve Defendants. The Court dismisses the action for failure to comply

---

[5] Neither the "mailbox rule" nor the three-day extension in Federal Rule of Civil Procedure 6(d) extends this firm deadline. *See Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (explaining that the mailbox rule "only enlarges the filing time when the period for acting runs from the *service* of a notice by mail" (quoting *Rouse v. Lee*, 339 F.3d 238, 245 (4th Cir. 2003))).

5

with Federal Rule of Civil Procedure 4(m) and the Court's orders of June 17, 2024, and November 6, 2024. Because the Court dismisses the action on these grounds, it does not reach the arguments in Defendants' Motion to Quash [Doc. No. 37].

### III.   CONCLUSION

Upon its de novo review of the record, the Court accepts the Report and Recommendation [Doc. No. 24] and dismisses the action without prejudice. The Court also dismisses the action without prejudice for failure to comply with its order of November 6, 2024. A judgment will be entered, and this action will be terminated.

IT IS SO ORDERED this 19th day of December 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE